```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

BRYAN DAVID BURKE,

    Petitioner,

v.                           Case No: 2:24-cv-790-JES-KCD

WARDEN, DESOTO CORRECTIONAL
INSTITUTION,

    Respondent.
_____/

### OPINION AND ORDER

This cause is before the Court on Petitioner Bryan David Burke's *pro se* "Emergency Petition for Writ of Habeas Corpus." (Doc. 1).[1] Burke brings the petition under 28 U.S.C. § 2241. (Id. at 1.) He alleges that his current incarceration at the Desoto Correctional Institution Annex is illegal because "[t]he Indictment (charging document) does not charge [c]riminal offenses against the laws of the United States, in violation of the U.S. Const. Amend. XIV." (Doc. 1 at 2). For the reasons discussed below, the petition must be dismissed.

### I.    Legal Standard

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts directs the federal court to screen habeas petitions prior to service. This rule applies to habeas actions

---

[1] Upon review of the petition, the Court concludes that it does not constitute an emergency.

under both 28 U.S.C. § 2254 and 28 U.S.C. § 2241.  See R. 1(b), Rules Governing Section 2254 ("[T]he district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a).").  Rule 4 requires the Court to dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  R. 4, Rules Governing Section 2254 Cases; see also McFarland v. Scott, 512 U.S. 849, 856 (1994)(" Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]").

## II.  Discussion

Burke is currently serving concurrent state and federal sentences imposed by the Seventeenth Judicial Circuit Court in and for Broward County in case number 21-3150 CF10A and the District Court for the Southern District of Florida in case number 0:21-cr-60144-WPD.[2]  He pleaded guilty in his federal case to five counts of Hobbs Act Robbery (18 U.S.C. § 1915(a)) and to three counts of brandishing a firearm in relation to a crime of violence (18 U.S.C. § 924(c)(1)(A)(ii)).

---

[2] The Court takes judicial notice of the records and the filings contained in Petitioner's prior cases.  See Fed. R. Evid. 201; see also Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010) ("The district court properly took judicial notice of the documents in Horne's first case, which were public records that were 'not subject to reasonable dispute.'").  Burke does not challenge the state convictions or sentences in this petition.

Burke's only claim in this petition is that he was convicted and sentenced under an illegal indictment. (Doc. 1 at 2). He provides no further explanation or factual details explaining his entitlement to relief, nor does he explain why he believes the indictment was illegal. However, the Court will not order Burke to clarify his claims in an amended petition because doing so would be futile for two reasons.

First, collateral attacks on the validity of a federal conviction or sentence typically must be brought under 28 U.S.C. § 2255. See Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). Only challenges to the execution of a sentence—rather than the validity of the sentence itself—are properly brought under 28 U.S.C. § 2241. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008). Burke's only claim does not address the execution of his sentence, only its legality, as he contends that his convictions and sentences resulted from an illegal indictment. Therefore, section 2255 is the appropriate statutory vehicle for Burke's claims. Burke has already filed and prosecuted a section 2255 motion attacking his convictions.[3]

---

[3] Burke filed his first section 2255 motion in Southern District of Florida case number 0:24-cv-60222-WPD. That motion was dismissed as time-barred and, in the alternative, denied on its merits. Thereafter, he filed a successive section 2255 motion in Southern District of Florida case number 0:24-cv-61438-WPD. The district court dismissed the second motion for lack of jurisdiction because Petitioner had not applied for authorization from the Eleventh Circuit Court of appeals for permission to file

3

Therefore, he must obtain authorization from the United States Court of Appeals for the Eleventh Circuit to file a second or successive motion. See 28 U.S.C. § 2244(b)(3)(A). Burke did not do this, and the Court cannot review his claim under section 2255 without such authorization.

Next, as long as an indictment "charges the defendant with violating a valid federal statute as enacted in the United States Code, it alleges an offense against the laws of the United States and, thereby, invokes the district court's subject-matter jurisdiction." United States v. Brown, 752 F.3d 1344, 1354 (11th Cir. 2014) (internal quotation marks omitted). In other words, "[s]o long as the conduct described in the indictment is a criminal offense, the mere omission of an element does not vitiate jurisdiction." United States v. Moore, 954 F.3d 1322, 1336 (11th Cir. 2020). Petitioner pleaded guilty to eight counts of the indictment. Counts 1, 7, 9, 17, and 19 charged him with Hobbs Act robbery under 18 U.S.C. § 1951(a), which provides that:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

---

a second section 2255 motion.

4

The indictment, which Burke attached to his petition, stated that Burke used actual and threatened force, violence and fear of injury to rob employees of several grocery and liquor stores on February 4, 2021, March 26, 2021, March 28, 2021, March 30, 2021, and March 31, 2021.  (See Doc. 1 at 5-13 (counts 1, 7, 9, 17, and 19)).  Counts 12, 14, and 16 of the indictment alleged that Burke brandished a firearm during Hobbs Act robberies on March 28, 2021, March 29, 2021, and March 30, 2021. (See Doc. 1 at 5-13).  Title 18 § 924(c)(1)(A) provides that any person who brandishes a firearm during a crime of violence is subject to an additional term of imprisonment of at least seven years.

Thus, Burke's indictment specifically charged him with violating valid federal statutes enacted in the United States Code and described conduct that fell under the statutes.  Therefore, the indictment satisfied the tests established in Brown and Moore and was not illegal.  Burke's claims are due to be dismissed under Rule 4.  See Benitez v. Warden, FCI Miami, 564 F. App'x 497, 499 (11th Cir. 2014) (affirming dismissal of section 2241 petition alleging an illegal indictment).

Accordingly, it is **ORDERED**:

1. Bryan David Burke's 28 U.S.C § 2241 petition for writ of habeas corpus is **DISMISSED** under Rule 4 of the Rules Governing Section 2254 Cases.

5

2. Burke is **DENIED** a certificate of appealability.[4]

3. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on September 5th, 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Bryan David Burke

---

[4] Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted). Here, the Court concludes that reasonable jurists would not debate the dismissal of this habeas petition as improperly brought under section and denies a certificate of appealability.